UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION



No. 7:04-CR-123-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SYLVESTER MURRAY, III, | ) | |
| Defendant. | ) | |

Pursuant to a motion by the United States Probation office, a warrant [DE- 26] was issued for Sylvester Murray's ("Murray") arrest on allegations that he violated the conditions of his supervised release. See [DE-25]. Murray was arrested on January 26, 2010, and was brought before Magistrate Judge Jones for an initial appearance on January 27, 2010. Magistrate Judge Jones entered an order of temporary detention [DE-30] on January 28, 2010, and scheduled a detention hearing on the Government's oral motion for February , 2010. However, Murray's court-appointed counsel moved on January 29, 2010, for a psychiatric examination based on his initial contacts with Murray. Judge Jones entered an order of commitment pursuant to 18 U.S.C. § 4241, "for a period not to exceed thirty (30) days." Jones Commitment Order [DE-32]. The order directed that the Bureau of Prisons conduct an evaluation in order to determine whether "there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. The facility was directed to prepare a report of the examination which included "the information set forth in 18 U.S.C. § 4247 (c)(1), (20. (3), and (4)(A)." Id.

On March 1, 2010, Magistrate Judge Jones received a letter from the Federal Bureau of Prisons in Washington, DC, dated February 16, 2010, referencing the recommendation in the

commitment order that Murray be evaluated at Federal Medical Center Butner, North Carolina. The letter, over the signature of "Jeffery D. Allen, M.D. for RADM Newton E. Kendig, Medical Director," stated in pertinent part that, "FMC Butner does not conduct the study required under Title 18, U.S. Code, Section 4241(b)," [1] and informed that Murray had been designated instead to the Federal Detention Center in Miami, Florida. *See* Kendig letter [DE-36]. The following day, Judge Jones received a letter from FDC-Miami Warden Kenny Atkinson, seeking an extension of the examination period to March 24, 2010, because Murray had not arrived at that facility until February 22, 2010. *See* Atkinson letter [DE-35]; Order [DE-37].

On April 21, 2010, the Clerk of Court docketed a cover letter and Forensic Evaluation, that had been faxed from FDC-Miami Warden Linda T. McGrew, explaining that the staff at that facility was of the opinion that Murray was not competent at that time to stand trial. *See* [DE-38]. Murray nevertheless was discharged to the United States Marshal' Service and transported back to the Eastern District of North Carolina where a competency hearing had been scheduled to occur in Wilmington with Judge Jones on April 26, 2010. When Murray arrived in the district, however, his behavior and demeanor were such that he could not be further transported to attend a competency hearing before Magistrate Judge Jones. Instead, upon consent of the parties, Judge Jones, and the undersigned (the district judge presiding over Murray's case), Magistrate Judge James E. Gates conducted a competency hearing in Raleigh, North Carolina, on April 26th.

Based on the Forensic Evaluation and Murray's condition on that date, Judge Gates found him incompetent to proceed to trial and entered the April 26, 2010, commitment order [DE-40] directing further evaluation and restorative treatment pursuant to § 4241(d), for a

---

[1] Section 4241(b) provides for psychiatric or psychological examinations and reports to be conducted for use by the courts in rendering competency determinations pursuant to § 4241(a) (ability of defendant "to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

period not to exceed four months. Judge Gates "recommended that the defendant be hospitalized at . . . Butner . . . because of the accessibility to counsel such placement would provide defendant." *Id.* at p. 2. The commitment order specifically directed that "[d]efendant shall remain at the facility to which he is assigned until his release is authorized by order of this court." *Id.*

Magistrate Judge Gates was informed *three months later* by correspondence [DE- 41] from the United States Marshal's Service that Murray's placement for evaluation at Federal Medical Facility Butner (hereinafter "Butner") had been delayed due to a shortage of beds. The first week of August 2010, Butner sought an extension of 14 days after November 29, 2010, within which to complete Murray's evaluation. *See* [DE-42]. Not having received any word on Murray by January 4, 2011, Magistrate Judge Gates entered another *sua sponte* order directing the parties to file a joint memorandum reporting the status of the BOP's Forensic Evaluation report on Murray's treatment. *See* [DE-43].

In response to Judge Gates' order, Assistant United States Attorney Eric Goulian responded that Murray's treating physician, Dr. Ralph Newman, Staff Psychiatrist at Butner, had advised the Government that,

> the report on Defendant's treatment has been written and is undergoing final review prior to submission to the Court. [Dr. Newman] could not say exactly when the report would be submitted. However, he did say that Defendant is receiving ongoing treatment which, if adhered to, will render him competent for further proceedings.

Status Report [DE-44], at p. 1.

The undersigned became aware on February 1, 2011 – one day shy of the one-year anniversary of Judge Jones's commitment order – that, notwithstanding Judge Gates' order that [DE-32] Murray remain in the treating facility pending further court order, Murray had been removed from Butner and transported to the Hoke County, North Carolina, detention facility on or about January 5, 2011. Copies of a cover letter, Warden's Certificate of Restoration

3

of Competency and Forensic Evaluation, dated January 4, 2011, were faxed by Butner to Judge Gates' chambers on January 14, 2011. The Clerk of Court docketed Judge Gates' faxed copies, noting for the record that the court is, "awaiting original," and forwarded copies to the undersigned. As of February 1st, however, Judge Gates still had not received the original documents. A member of this court's staff was able on February 2nd to contact by telephone the individual at Butner who had faxed the documents to Judge Gates. Upon inquiry about the original documents, the staff member was assured that they had been mailed to Judge Gates' chambers on January 14th.

Because of the facts and history of this case, it was urgent to schedule a hearing on the competency determination and motion for revocation. Again, the Warden's Certification (the only copy of which the court possessed was a copy of the fax received by Judge Gates), was dated January 4, 2011. That Certificate apparently relied on the evaluator's Forensic Evaluation conclusion that, although it was the opinion of the mental health professionals that Murray was competent to proceed to trial, "it is cautioned that maintenance of this status is contingent on his continued compliance with psychiatric medications." The referenced Forensic Evaluation report *is dated December 27, 2010, and signed January 14, 2011. See* [DE-45].

In light of the contents of Butner's Forensic Evaluation and the Warden's Certificate, this court's staff member attempted to contact Butner to request preparation and expedited delivery of a duplicate original of the Evaluation, cover letter and Certificate to chambers prior to the hearing that had been scheduled for Thursday afternoon, February 10, 2011. Contact with the individual at Butner finally was made on Friday, February 4th. The Butner employee explained that the documents probably could not be ready before Monday, February 7th.

Meanwhile, the court learned that Murray had last received his monthly injectable medication on December 16, 2010, before being transported by the United States Marshal's Service from Butner to Hoke County on or about January 5th. *The court was informed that*

4

*Butner sent neither the medication nor a prescription therefor when it discharged Murray to the Marshal's Service* to be housed at that county jail pending a hearing. Murray had not received his medication, which is a monthly injection, since December 16, 2010; as of February 9, 2010, he still had not received the drug that mental health professionals insisted is critical to his maintaining competence.

On Tuesday, February 8, 2011, the contact at Butner telephoned chambers seeking a street address to which the duplicate original documents could be delivered by overnight mail. Those documents arrived in chambers from Butner on Wednesday, February 9th. All the signature pages had been re-executed and the *dates changed from January 4, 2011, to February 4, 2011,* reflecting the date of re-execution.

Unfortunately, in light of the psychiatric staff's emphasis on the necessity of Murray's compliance with the medication regimen in order for him to maintain competency, together with the court's knowledge that Murray is well past the date his critical medication was to be administered, this court cannot deem the Warden's Certificate dated February 4, 2011, to be a credible and reliable basis for a competency assessment. Even if the actual original documents suddenly were to appear, the Warden's opinion that Murray's competency had been restored as of January 4th, provides little guidance for a February 10, 2011, competency hearing, knowing that Murray has not received his critical monthly medication since mid-December.

The net product of Murray's full year of evaluation and treatment: Nothing. All the efforts on Murray's behalf were lost when he was discharged from the federal medical facility without his medication and apparently without any arrangements having been made for continuation of the treatment regimen developed by the mental health professionals during his stay at Butner.

In light of the Forensic Evaluation's emphasis on careful compliance with that treatment regimen, the centerpiece of which is monthly administration of injectable medication, the

5

undersigned concludes that there is not sufficient reliable evidence of record on which a valid competency determination may be made pursuant to § 4247. The court finds no acceptable alternative to re-commitment under § 4241 (d) for restorative treatment and re-evaluation.

The record in this case leads this court to FIND that there is a substantial probability that within an additional period of time not to exceed **three (3) months** *within which he receives proper treatment, including administration of appropriate medications*, Murray will attain the capacity to permit the court proceedings to go forward. Accordingly, the undersigned enters the following ORDER:

For the foregoing reasons, it is ORDERED the Sylvester Murray, III, hereby is COMMITTED to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d)(2) for an additional reasonable period of time *not to exceed three (3) months*, for administration of the necessary medical and psychiatric care and appropriate medication so that his mental condition may improve, the court having found that there is a substantial probability that within such additional period of time and under the proper care he will attain the capacity to permit the court proceedings to go forward.

It further is ORDERED:

1. That at the conclusion of the examination and **prior to May 20, 2011**, the examining licensed or certified psychiatrist or psychologist shall prepare a Forensic Evaluation report pursuant to 18 U.S.C. § 4247 (c), the original of which Evaluation and accompanying documents shall be mailed by overnight delivery to:

>Senior U.S. District Judge James C. Fox
>Alton Lennon Federal Building
>2 Princess Street, Room 213
>Wilmington, North Carolina   28401

with copies provided to counsel for the defendant and to the Assistant United States Attorney, designated below.

2. That the Forensic Evaluation shall include the information set forth in 18 U.S.C. § 4247 (c)(1), (2), (3), and (4)(A) & (F), and be accompanied by a current Warden's Certificate, if appropriate.

3. Defendant's counsel, Mr. Edwin C. Walker, shall be afforded continued access to the defendant during the evaluation period.

4. That the court recommends that Murray be designated for his § 4241(d) evaluation and treatment to the federal medical facility nearest to Raleigh, North Carolina, that can receive him and resume his treatment in an expedited manner in light of the history of this case.

4. That upon receipt of this order, the United States Marshal Service shall transport Murray without delay to the facility designated by the Bureau of Prisons.

5. **Murray's case worker at the designated facility shall notify the undersigned within twenty-four (24) hours of the completion of Murray's evaluation and treatment.**

6. **The federal medical facility shall not thereafter release or discharge Murray until it has received an Order from this court confirming (i) the date of Murray's scheduled competency hearing and (ii) coordination with the Marshal's Service for appropriate transportation.**

7. **The federal medical facility further is DIRECTED not to discharge, release or turn over custody of Murray to the United States Marshal's Service or any other entity until full arrangements have been made with the Marshal's Service for the continuation of his treatment and medication regimen.**

8. The United States Marshal's Service immediately shall advise the undersigned and Murray's supervising Probation Officer, Chip Williams, when notified by the medical facility that Murray is ready for return transport.

7

9. Upon completion of Murray's evaluation and treatment, the court intends that the United States Marshal's Service transport Murray from the federal medical facility directly to the appropriate county facility for housing pending a competency hearing that already will have been scheduled in Wilmington, North Carolina.

10. The Clerk of Court is DIRECTED to forward certified copies of this order to (i) Dr. Jean Zula, Chief Psychiatrist, and (i) Complex Warden Sara M. Revell, c/o Federal Medical Center, P.O. Box 1600, Butner, NC 27509; and to the (iii) Warden and (iv) Chief Psychiatrist at the federal medical facility to which Murray is designated.[2]

11. Any questions concerning the content or intent of this order shall be directed in writing to the undersigned.

SO ORDERED.

This, the 10th day of February, 2011.

_____
JAMES C. FOX
Senior United States District Judge


Copies of the forensic report and accompanying documents shall be mailed by the Federal Medical Facility to the following persons upon completion of evaluation and treatment:

Mr. Eric Goulian
Assistant United States Attorney
310 New Bern Avenue
Room 800
Raleigh, NC  27601

Mr. Edwin C. Walker
Assistant Federal Public Defender
150 Fayetteville Street
Suite 450
Raleigh, NC  27601

---

[2] The United States Marshal is DIRECTED to inform Deputy Clerk Shelia Foell immediately upon learning which facility will be receiving and evaluating Murray.

8